## Bertha Garland, Plaintiff in Error, v. P. C. Abell, Defendant in Error.

JUSTICE OF THE PEACE—*when justified in not appearing to preside at trial.* *Held,* under the evidence, that the justice of the peace in question in this case was justified in failing to appear to preside at a trial and that he was not liable in a civil action for failure so to appear.

Action in case. Error to the Circuit Court of Fayette county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed August 5, 1910.

F. M. GUINN and ALBERT & MATHENY, for plaintiff in error.

ARTHUR ROE and BROWN & BURNSIDE, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is a writ of error prosecuted by Bertha Garland to reverse a judgment against her for costs.

In her action against defendant in error she filed a declaration in which she charged that defendant in error was a justice of the peace in and for Fayette county; that she was an unmarried woman pregnant with child which when born would be deemed a bastard and that one Fred Williams was the father; that the child was born and still living; that she went before defendant in error and made sworn complaint charging said Williams of being the father; that defendant in error issued a warrant for the arrest of Williams; that on August 1, 1907, Williams was arrested and taken before defendant in error, who required him to enter into bond conditioned for his appearance before him on August 8th at one o'clock P. M.; that Williams entered into such bond; that it was the duty of defendant in error to be at his office at one o'clock P. M. on August 8th; that Williams appeared at that hour and defendant not being unable on account of sickness or other cause to be present, negligently without

legal cause absented himself and did not appear; that Williams remained an hour and then departed, and absconded leaving the state and so remained away.

It is further alleged plaintiff in error was thereby hindered and prevented from prosecuting Williams and had the sole responsibility of caring for the child without any help from Williams, whereby she was damaged, etc.

Defendant in error pleaded the general issue and special pleas that he was unable to be present on account of sickness and other cause, and that he had in writing requested another justice to attend and hear the cause.

A trial by jury being waived the cause was tried by the court and resulted in a finding of not guilty, and judgment was entered upon the finding.

There was, on the trial, no dispute as to the material averments of the declaration except the averment charging the defendant in error with negligently absenting himself without legal excuse from the place where the complaint was to be heard on August 8th, at which time and place Williams had been recognized to appear. The defendant in error was not there, and the question to be determined was whether there was legal excuse for his absence, and about this there is no material controversy about the facts.

Section 56, Chapter 79 Revised Statutes provides: "When a justice of the peace before whom an action is pending is unable on account of sickness or other cause to attend at the time and place fixed for trial, any other justice of the peace in the town or precinct may at his request made in writing attend at the time and place fixed for trial and hear the cause and make any necessary orders instead and in behalf of the justice calling him; and the judgment so entered shall have the same force and effect as if rendered by the justice before whom the action is pending."

It appears that after Williams was required to give bond for his appearance on August 8th, defendant in error had a son very ill, suffering from rheumatism and other serious ailments. The attending physician, Dr. Shelton, and another physician decided the son would die unless taken to Hot

Springs and on August 5th told the father with whom the son was then living he would have to take him to the springs, and the quicker he got him there the better, and advised the father to go with him, as he understood his condition better than any one else and had been waiting on him.

Defendant in error in view of the physicians' advice arranged to take the son as soon as possible and left with him on the morning of the 6th of August. Before leaving, he testified, he sat up until midnight examining the law to find out his duty so he might comply with the law. The result was he wrote a letter to a neighboring justice, W. B Hicks, of the same town asking him to attend at the time and place and hear the cause. Hicks was ill and unable to respond but this fact was unknown to defendant in error when he wrote the letter, or at any time before he left for Hot Springs.

This state of facts was sufficient cause under the provision of the statute quoted, to justify defendant in error in calling upon the other justice and in not being present himself. When he called upon him he did it in the manner provided by statute, and there was ample cause for his inability to attend.

With this view of the evidence that defendant in error was not in fault, we are not called upon to determine whether the action of the defendant in error was ministerial or judicial, or whether the justice has the exclusive right to determine himself when he is too ill, or has other cause sufficient to excuse his attendance at the time of the trial, and there was no error in the trial court refusing to hold a proposition that the act of calling another justice was ministerial and not judicial. In this case whether calling another justice was a ministerial or judicial act was not controlling. It might be either and yet the defendant in error might have had good cause to absent himself as we hold he did and not be liable.

We find no error in the record and the judgment will be affirmed.

*Affirmed.*